IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR No. 21-0303 MV |
| | ) | |
| vs. | ) | |
| | ) | |
| **RYAN HARRIS,** | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES RESPONSE TO
## DEFENDANT'S MOTION TO EXCLUDE EVIDENCE

THE UNITED STATES OF AMERICA respectfully responds to the Defendant's *motion to exclude evidence* filed April 26, 2021. (Doc. 24). The Defendant's motion should be denied for the following reasons:

1. The Defendant was charged by complaint January 27, 2021. His first appearance was February 1, 2021. The online record does not reflect a discovery order entered on February 1, 2021, as the Defendant asserts in his motion to exclude. On February 3, 2021, the Defendant exercised his right to a preliminary hearing, and detention hearing. A full hearing was conducted wherein defense counsel cross-examined the affiant regarding the facts of the case.

2. On March 12, 2021, the Defendant was indicted by a grand jury. The Defendant was arraigned on March 24, 2021. A discovery order was issued March 24, 2021, requiring the United States to disclose discoverable materials within eight days of the entry of the order. Doc. 22 at 2.  The order also expressly contemplates that full discovery may not be available within

the eight-day deadline and notes that the United States has a "continuing duty to disclose" any discoverable material that is identified after the expiration of the initial deadline. *Id*. at 4.

3. Initial discovery was sent out April 8, 2021, which unfortunately was approximately one week after the eight day deadline. This included several lapel videos depicting the incident itself, the original complaint, and the defendant's certified prior convictions.

4. On April 26, 2021, Defense counsel emailed the undersigned at 1:40pm, stating "all Mr. Harris has provided [sic] is lapel videos and the original complaint. If this is the only discovery to be provided Mr. Harris intends to go to trial. Can you let me know if any official ATF reports, pictures or the gun, fingerprints or DNA is available." The undersigned responded at 1:41pm stating, "We have been in the process of preparing these items. I have been preparing for a two week sex trafficking trial that is supposed to happen May 10[1], so we have been a bit occupied. You should have the outstanding items soon." At 3:05pm, the Defendant filed the instant *motion to exclude*. At 3:41pm, the United States sent an email notifying defense counsel that the remaining available discovery was uploaded to his USAfx account. The discovery consisted of official ATF reports, and reports from APD officers on scene.[2] The information contained in these reports is substantially similar to what was written in the complaint, and to what is seen on lapel video.

5. While initial discovery was a week late, the United States has never refused to provide discovery in this matter. Due to work conflicts for both undersigned counsel and law

---

[1] Subsequent to this email, undersigned counsel learned that this trial, in *United States v. Matthew Woods* 17-1235WJ, would be continued to a definite setting on June 7, 2021.
[2] There is some scientific evidence still pending in this case. When that evidence is received, it will be promptly provided to defense.

enforcement who worked on this case, supplemental discovery was not disclosed until April 26, 2021, which was only a few weeks after the initial deadline set by the court. The United States submits that it has met its continuing duty to promptly disclose discoverable material.

6. To the extent the Court finds that the initial or supplemental disclosures were in violation of the Court's discovery order, the remedy would not be exclusion of otherwise admissible evidence. In the Tenth Circuit, "[t]here are three principal factors that a district court should consider in determining the appropriate sanction for violating a scheduling order: 1) the reason for the delay, including whether the non-compliant party acted in bad faith; 2) the extent of prejudice to the other party; and 3) 'the feasibility of curing the prejudice with a continuance.'" *United States v. Yepa*, 608 Fed. Appx. 672, 677 (10th Cir. 2015) (quoting *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988)) ("*Yepa II*"). "The court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order." *United States v. Gonzales*, 164 F.3d 1285, 1292 (10th Cir. 1999) (citing *United States v. Ivy*, 83 F.3d 1266, 1280 (10th Cir. 1996)).

7. Defendant has not addressed any of these factors, perhaps in recognition that none of them support exclusion of any evidence. With respect to the first factor, as noted above, the reason for the delay in discovery, if any, was due to work conflicts. At worst, this amounts to negligence and "negligence alone is not bad faith." *United States v. Yepa*, 572 Fed. Appx. 577, 586 (10th Cir. 2014) (unpublished) (citing *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)). "There must be willful conduct motivated by a desire to obtain a tactical advantage over the defense." *Id* (citations omitted). As to the second factor, any discovery deemed tardy thus far is simply not prejudicial to the Defendant. He had already engaged the United States in a

lengthy preliminary hearing, and he has had the benefit of several lapel videos that show through audio and visual means what happened in this case.

8.     Finally, looking to the third factor, a continuance can cure any prejudice in this case. While the Defendant seems to suggest that he was seriously preparing for trial to commence May 17, 2021, the record suggests that this is a manufactured claim. Defendant has not filed any trial documents, and his prior correspondence suggests that his wish to go to trial was contingent on whether he would receive other discovery. It is also hard to accept this representation in light of the fact that the Defendant was only indicted in March 2021. As the Courts begin to open up towards the end of the COVID pandemic, all parties practicing in the District of New Mexico are cognizant of the fact that there is a substantial backlog in cases set for trial, and it has been tedious to schedule trials in a way that complies with the New Mexico Public Health order. While this Court is the ultimate arbiter of scheduling matters, Mr. Harris, being approximately six weeks into his indictment (less than the 70 days permitted under the Speedy Trial Act), may not be towards the top of the stack when being considered for available trial slots. Given the circumstances discussed in this response, the United States is afraid that the Defendant's motion to exclude might be viewed as a form of gamesmanship, and that there is not a real concern of prejudice towards the Defendant.

WHEREFORE, THE UNITED STATES respectfully requests this Court deny the Defendant's motion to exclude. The filing of this document in CM/ECF caused a copy to be served on defense counsel in this case.

    Respectfully submitted,

    FRED J. FEDERICI
    Acting United States Attorney

*Electronically filed 4/30/2021*
LETITIA CARROLL SIMMS
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico   87103
(505) 346-7274