IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                                      Case No. 21-CR-00303-MV

RYAN HARRIS,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant Ryan Harris's Motion to Exclude Evidence. Doc. 24. The government filed a response [Doc. 26] and Mr. Harris did not file a reply. Having considered the briefs, relevant law, and being otherwise fully informed, the Court finds that the motion is not well-taken and will be **DENIED**.

BACKGROUND

Mr. Harris is charged in a one-count indictment with Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924. In the instant motion, he argues that the government violated this Court's February 1, 2021 discovery order by failing to provide all discoverable materials within eight days of the entry of the order. Doc. 24 at 1. Specifically, he represents that as of April 26, 2021, the date of the motion, the government had provided him with a copy of his sentencing orders from 2011 and 2012, a Bernalillo County criminal complaint related to the instant offense, and several lapel videos related to the instant offense. *Id.* Mr. Harris argues that allowing the government to produce any additional discovery would be unfair and prejudicial because he "conducted significant preparation" for an April 27, 2021 hearing and "should not be forced to accept a continuance of the proceedings." *Id.* at 2. As a result, he asks

the Court to exclude any further evidence in the case. *Id*.

In response, the government argues that the Court's discovery order was entered on March 24, 2021 rather than the earlier February 1 date Mr. Harris alleges. Doc. 26 at 1 (citing Doc. 22). It continues that it initially provided Mr. Harris with the discovery mentioned in his motion on April 8, 2021, which was one week after the eight-day deadline in the discovery order. *Id*. at 2. At 1:40 p.m. on April 26, 2021, defense counsel sent an email to Assistant United States Attorney (AUSA) Letitia Simms asking whether there was any undisclosed discovery. *Id*. AUSA Simms responded one minute later with an email explaining that the government had "been in the process of preparing these items" and that the defense should "have the outstanding items soon." *Id*. AUSA Simms also explained that she had been "a bit occupied" with preparing for a two-week sex trafficking trial set for May 10, 2021. *Id*. At 3:05 p.m. the same day, Mr. Harris filed the instant motion. *Id*. At 3:41 p.m., the government notified defense counsel that it had sent him the remaining discovery, which included reports from the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and the Albuquerque Police Department (APD). *Id*. The government represents that the information contained in these reports is similar to that contained in the complaint and lapel video that it had disclosed to the defense on April 8. *Id*. The government concludes by arguing that it has "met its continuing duty to promptly disclose discoverable material" and that even if its late disclosures violated the Court's discovery order, exclusion is not the proper remedy because Mr. Harris has failed to make a showing of prejudice or bad faith under the Tenth Circuit's controlling caselaw. *Id*. at 2–4. Moreover, "a continuance can cure any prejudice in this case." *Id*.

Mr. Harris did not file a reply to the government's response. On May 6, 2021, the parties filed a Joint Motion to Continue Trial in which they asked the Court to continue Mr. Harris's May

17, 2021 trial date for at least 90 days because the government was in the midst of preparing for a trial in a different case and was still waiting for forensic testing to be completed in this case, which could take "another couple months." Doc. 27 at 2. On May 7, 2021, the Court granted the motion to continue and reset Mr. Harris's trial for September 20, 2021. Doc. 28.

## DISCUSSION

The Court has reviewed the parties' briefs and the relevant law. It first finds that the government violated the March 24, 2021 discovery order in this case [Doc. 22] by failing to turn over discoverable material to the defense until well after the order's eight-day deadline. The order required the government to provide to defense counsel within eight days and without motion "all of the information to which defendant is entitled pursuant to Rule 16 of the Federal Rules of Criminal Procedure," including

> books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial.

Doc. 22 at 2-3. The discovery order's eight-day deadline passed on April 1, 2021. As the government admits, it did not turn over its first batch of discoverable information to the defense until April 8, 2021, one week after the deadline. Doc. 26 at 2. And it did not turn over additional discovery until the defense asked about it and then filed the instant motion on April 26, 2021, approximately three and a half weeks after the deadline. *Id*. By failing to turn over discoverable information by the applicable deadline, the government violated the Court's discovery order. The government also violated the order's mandate that it turn over discovery "without motion" by the defense. Doc. 22 at 2.

While the government's failure to comply with the Court's discovery order is unacceptable, Mr. Harris has not established the kind of prejudice or bad faith required to support the

3

exclusionary remedy he is seeking. As this Court explained recently elsewhere, in selecting the appropriate sanction for a discovery violation, courts in the Tenth Circuit must consider the so-called *Wicker* factors: "(1) the reasons the government delayed producing the requested materials, including whether or not the government acted in bad faith when it failed to comply with the discovery order; (2) the extent of prejudice to the defendant as a result of the government's delay; and (3) the feasibility of curing the prejudice with a continuance." *United States v. Robertson*, 17-CR-2949, 2021 WL 1923761, at *18 (D.N.M. May 13, 2021) (unreported) (citing *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988)). "In the absence of a finding of bad faith, the court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order." *United States v. Golyansky*, 291 F.3d 1245, 1249 (10th Cir. 2002). "The preferred sanction is a continuance." *Id*. "It would be a rare case where, absent bad faith, a district court should exclude evidence rather than continue the proceedings." *Id*. To support a finding of prejudice, the district court must "determine that the delay impacted the defendant's ability to prepare or present its case." *Id*. at 1250 (citations omitted).[1]

Here, Mr. Harris has not explained what if any prejudice he has suffered from the government's failure to turn over discoverable information by the April 1, 2021 deadline. While in his motion he argues that he was prejudiced by his inability to effectively prepare for an April 27, 2021 hearing [Doc. 24 at 2], no such hearing took place and he subsequently filed a joint motion seeking to continue his trial date for at least 90 days [Doc. 27]. As a result, the Court reset the trial in this case to September 20, 2021, giving Mr. Harris almost five months to review the

---

[1] In *United States v. Robertson*, this Court explained some of the problems with the Tenth Circuit's caselaw on discovery violations, including that it is unmoored from the plain text of Rule 16(d) of the Federal Rules of Criminal Procedure and that it hampers district courts' ability to effectively manage their dockets and sanction government misconduct by creating a strong preference for a continuance remedy that does little to deter misconduct and might actually hurt district courts and criminal defendants more than the offending party (the government). *See Robertson*, 2021 WL 1923761 at *18 n.6.

discovery the government provided him on April 26.  Doc. 28.  Nor has Mr. Harris established that the government was acting in bad faith when it provided him with the discovery in question a few weeks after the deadline.  Instead, AUSA Simms represents that the delay resulted from her trial preparation in another case.  Doc. 26 at 2.  The Court has no reason to doubt that representation, and while it is disappointed by the government's failure to timely abide with its discovery obligations here, the *Wicker* factors weigh against the imposition of a sanction because the continuance to which Mr. Harris agreed has cured any prejudice resulting from the violation.  *See Wicker*, 848 F.2d at 1061.  If the government continues to violate its discovery obligations in this case, however, the Court will reconsider whether a sanction is appropriate.

## CONCLUSION

For the reasons set forth above, Mr. Harris's Motion to Exclude Evidence [Doc. 24] is hereby **DENIED**.

DATED this 12th day of August, 2021

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE