UNITED STATES DISTRICT COURT, DISTRICT OF NEW MEXICO
# VIOLATION OF SUPERVISION PROCEEDINGS
## MINUTE SHEET (EVIDENTIARY)

| | | | | |
|---|---|---|---|---|
| CR No. | 21-303-MV | USA vs. | Harris | |
| Date: | February 25, 2026 | Name of Deft: | Ryan Harris | |
| | Before the Honorable | Martha Vázquez | | |

| | | | |
|---|---|---|---|
| Time In/Out: | 9:33 a.m. / 12:27 p.m. | Total Time in Court (for JS10): | 2 hours, 54 minutes |
| Clerk: | Linda Romero | Court Reporter: | Cheryl Cummings (by Zoom) |
| AUSA: | Kimberly Bell | Defendant's Counsel: | Wayne Baker |
| VSR in: | Santa Fe, NM | Interpreter: | |
| Probation Officer: | Keary Fenstermacher | Sworn? Yes | No |

| | |
|---|---|
| | Defendant Sworn |
| | Defendant questioned re: physical/mental condition and whether under influence of alcohol, drugs, or any medication |
| | Court finds Defendant competent to proceed |
| X | Court advises Defendant of his/her rights |
| X | Court advises / confirms Defendant is aware of charges and possible penalty |
| X | Defendant **DENIES and is found GUILTY** of violation:   Standard – The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer. |
| X | Defendant **DENIES and Court DISMISSES** violation:   Special – You must reside in a residential reentry center, transitional living program or similar program for a term of 180 days. |
| X | Court **DISMISSES** violation:   Mandatory – You must not commit another federal, state, or local crime. |
| | Violation report waived |
| X | Proceed to sentencing |
| X | Supervision - **REINSTATED** |

| **SENTENCE IMPOSED** | Imprisonment (BOP):   **On the Amended Petition, document 115**, the defendant is sentenced to 141 days or time served through February 26, 2026, to be released to US Probation on February 26, 2026, at the US Courthouse in Albuquerque, after the defendant's 9:30 preliminary hearing with Magistrate Judge Robbenhaar. |
| --- | --- |
| | If Magistrate Judge Robbenhaar concurs, the defendant may be released to US Probation to attend the VIBE program and must be transported to that program either by the VIBE program or by defense counsel Wayne Baker. |
| | If Magistrate Judge Robbenhaar orders detention, the defendant will be detained until a final revocation hearing is scheduled on the Second Amended Petition, document 142. |

| Supervised Release: | 25 months | Probation: | | 500-Hour Drug Program |
|---|---|---|---|---|

| **SPECIAL CONDITIONS OF SUPERVISION** |||||
|---|---|---|---|---|
| X | Inpatient treatment program (Vibe) (waive confidentiality) | X | Mental health treatment program (waive confidentiality) |
| X | Substance abuse testing (up to 60 tests per year) | X | No psychoactive substances |
| X | No alcohol (up to 4 tests per day) | X | No drug paraphernalia |

UNITED STATES DISTRICT COURT, DISTRICT OF NEW MEXICO
## VIOLATION OF SUPERVISION PROCEEDINGS
### MINUTE SHEET (EVIDENTIARY)

| | | | |
|---|---|---|---|
| X | Search of person, property | X | Upon release from VIBE, residential reentry center for up to 180 days, if no other placement is available. |
| | | | |
| | | | |
| | OTHER: | | |
| X | Advised of Right to Appeal | | Waived Appeal Rights per Plea Agreement |
| X | Held in Custody | | Voluntary Surrender |
| | Recommended place(s) of incarceration: | , IF ELIGIBLE. | |

| OTHER COMMENTS | |
|---|---|
| | Court requests the parties clarify which Amended Petition the parties are proceeding on, document 115 (Amended Petition) or 142 (Second Amended Petition).   Government counsel, AUSA Kimberly Bell, advises that the parties intend to proceed on document 115, and are not ready to go forward on recently filed Second Amended Petition document 142.   Defense counsel Wayne Baker agrees. |
| | Court reviews the violations alleged in the Amended Petition document 115.   Defendant denies the violations. |
| | Government calls APD Officer Abraham Munoz-Flores, witness sworn, direct examination by AUSA Bell.   Cross examination by Mr. Baker.   Defense Exhibit A discussed.   Court questions witness.   Probation Officer Keary Fenstermacher addresses Court.   Court advises that she is concerned that Probation has evidence that has not been provided to the parties |
| | Defense requests that mandatory violation be dismissed because of a due process violation.   AUSA Bell responds.   Court advises that the videos are an important part of the evidence and important to the Court to show the defendant his actions.   Court dismisses the mandatory violation and agrees to proceed with the other violations.   Court excuses the witness. |
| | Government calls Probation Officer Keary Fenstermacher, witness sworn, direct examination by AUSA Bell.   Cross examination by Mr. Baker.   Redirect examination by AUSA Bell.   Recross examination by Mr. Baker. |
| | AUSA Bell argues that the defendant has violated his conditions.   Mr. Baker argues that the defendant has not violated his conditions.   Defendant addresses Court.   Court finds that the defendant has violated the standard condition by a preponderance of the evidence and notes that the guideline is now 7 to 13 months in custody.   Court dismisses the special condition violation. |
| | Court addresses defendant.   Court advises that her ruling under this Amended Petition, document 115, is that the defendant should be transported to the Albuquerque courthouse tomorrow in time for his preliminary hearing before Judge Robbenhaar at 9:30 a.m..   The defendant may be released to US probation to attend the VIBE program after the preliminary hearing, but VIBE must provide transportation for the defendant to their program.   If VIBE cannot do this, then defense counsel Wayne Baker must personally transport the defendant to the VIBE program. |
| | Court advises defendant that Magistrate Judge Robbenhaar will make his own decision at the hearing tomorrow on the Second Amended Petition, document 142, to determine whether the defendant will be allowed to be released to VIBE.   If Magistrate Robbenhaar orders that the defendant be detained on document 142, the Second Amended Petition, then the defendant will remain in custody pending another final revocation hearing on document 142, and will not be released tomorrow to VIBE. |
| | Mr. Baker requests that the government be ordered to provide all discovery on the Second Amended Petition, document 142, before the preliminary hearing tomorrow.   Court requests that PO Fenstermacher provide today all the information he has in that case, either by providing copies or by |

| | |
|---|---|
| | UNITED STATES DISTRICT COURT, DISTRICT OF NEW MEXICO **VIOLATION OF SUPERVISION PROCEEDINGS** **MINUTE SHEET (EVIDENTIARY)** |
| | allowing counsel to view the evidence with him.   AUSA Bell requests that the Court clarify that PO Fenstermacher be required to produce whatever evidence he currently has today, because all discovery has not been provided or received relating to document 142 and no discovery order has been entered.  Court clarifies that PO Fenstermacher should produce that information today, to the extent of what evidence he has today on document 142.   Mr. Baker advises that he does not think that probation has any evidence yet for tomorrow's hearing, but requests that subsequent to tomorrow's hearing, they be required to provide the discovery prior to the next final revocation hearing.   Court agrees. Court imposes sentence. |